**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| FIFTH THIRD BANK, N.A. | : | Case No. 1:24-CV-00236 |
| | : | |
| Plaintiff, | : | Judge Jeffrey P. Hopkins |
| | : | |
| v. | : | |
| | : | |
| LOW VOLTAGE SERVICE, INC., et al. | : | **PLAINTIFF FIFTH THIRD BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT** |
| | : | |
| Defendants. | : | |
| | : | |

___

NOW COMES, Plaintiff Fifth Third Bank, National Association ("Fifth Third"), by and through counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Court for summary judgment in its favor and against Defendants Low Voltage Service, Inc., and Eva Schallhorn for the relief requested in Fifth Third's *Complaint on Loan Agreement and Guaranty* ("Complaint").

The pleadings, admissions, affidavits, and other evidence of record conclusively demonstrate that there are no genuine issues as to any material facts and that Fifth Third is entitled to judgment in its favor as a matter of law. This Motion is supported by the Affidavit of Lonny King, an Assistant Vice President for Fifth Third ("King Aff."), attached as **Exhibit A**, the Affidavit of Jeffrey M. Hendricks in support of Fifth Third's Motion ("Hendricks Aff."), attached as **Exhibit B**, and the Memorandum in Support, all of which are specifically incorporated in the present Motion.

19698104v1

| | |
|---|---|
| OF COUNSEL:<br><br>BRICKER GRAYDON LLP<br>312 Walnut Street<br>Suite 1800<br>Cincinnati, OH 45202<br>Phone: (513) 621-6464<br>Fax:    (513) 651-3836 | Respectfully submitted,<br><br>*/s/ Jeffrey M. Hendricks*<br>Jeffrey M. Hendricks (0066889)<br>*Attorneys for Plaintiff*<br>BRICKER GRAYDON LLP<br>312 Walnut Street, Suite 1800<br>Cincinnati, Ohio 45202<br>Phone: (513) 621-6464<br>Fax:    (513) 651-3836<br>Email: jhendricks@brickergraydon.com |

**MEMORANDUM IN SUPPORT**

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On or about March 21, 2020, Defendant Low Voltage Service, Inc., ("Borrower") executed and delivered to Fifth Third a Loan Agreement in the original principal amount of $95,000.00 with interest accruing at the Prime Rate plus 2.36% per annum ("Agreement"). King Aff. ¶4, and Ex. A attached thereto. Upon acceleration, the terms of the Agreement call for interest to accrue at five percent above the stated rate of interest, but Fifth Third has elected not to proceed with the imposition of the default rate. King Aff. ¶5. Pursuant to the terms of the Agreement, Fifth Third exercised its rights to accelerate the entire balance due and owing under Agreement upon demand. *Id.* at ¶6. Borrower failed to satisfy the balance due and owing upon demand. *Id.* at ¶7.

Borrower owes Fifth Third on the Agreement the principal sum of $93,000.00, plus accrued but unpaid interest in the amount of $6,662.91 as of March 25, 2024, plus late fees of $85.56 and other bank fees of $75.00, plus interest that continues to accrue thereafter at the default rate of the Prime Rate + 2.36% per annum, plus accruing fees and the costs advanced and the costs of this action. *Id.* at ¶8.

2

On or about March 21, 2020, Defendant Eva Schallhorn ("Guarantor") executed a Guaranty of Loan Agreement in favor of Fifth Third, in which she unconditionally guaranteed payment to Fifth Third of all obligations of Borrower to Fifth Third, including amounts owing under the Agreement ("Guaranty"). *Id.* at ¶9, and Ex. C attached thereto. The Guarantor is in default of the Guranty by virtue of the demand of the Agreement and Guarantor's failure to pay the amounts due and owing under the Agreement. King Aff. ¶10.

Guarantor owes Fifth Third on the Guaranty the principal sum of $93,000.00, plus late fees of $85.56 and other bank fees of $75.00, plus interest that continues to accrue thereafter at the default rate of the Prime Rate + 2.36% per annum, plus accruing fees and the costs advanced and the costs of this action. *Id.* at ¶11.

To collect the amounts due and owing under the Agreement and Guaranty, Fifth Third filed its Complaint on March 27, 2024 in the Hamilton County Court of Common Pleas. On April 29, 2024 Borrower and Guarantor (collectively, "Defendants") filed a Notice of Removal to this Court. In their Notice, Defendants acknowledged service was accomplished. (Doc. 1, ¶5).

Now, Fifth Third respectfully moves this Court to enter summary judgment in its favor on Count One against Borrower and Count Two against Guarantor. The King Aff. establishes the execution of the Agreement and Guaranty; the demands made under the Agreement and Guaranty; and the balances presently due on each agreement. Furthermore, Fifth Third submits the Hendricks Aff. in support of its Motion. The Motion, supporting affidavits, and the record all establish the facts as stated and prove that there are no genuine issues of material fact. Accordingly, pursuant to Rule 56, Fifth Third is entitled to judgment as a matter of law for the relief requested in the Complaint.

## II. LAW AND ARGUMENT

### A. Applicable Law

The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal." *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 435 (6th Cir. 2016). Although federal procedural law applies, federal courts apply state substantive law in cases like the present matter in which the federal court is exercising supplemental or diversity jurisdiction over state law claims. *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 573 (6th Cir. 2008); 28 U.S.C. § 1652. Thus, Ohio law governs these claims, and the Court "must apply the State's law as announced by its highest court." *Croce v. New York Times Co.*, 930 F.3d 787, 792 (6th Cir. 2019).

### B. Summary Judgment Standard.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and of identifying the portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106

S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden then shifts to the nonmoving party, the Defendants here, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505 (quoting Fed. R. Civ. P. 56(e)). Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548.

In this case, the pleadings and King Aff. conclusively establish that there is no genuine issue of material fact relating to Fifth Third's claims and that it is entitled to judgment on the Agreement and Guaranty. Accordingly, Fifth Third is entitled to summary judgment on Counts One and Two of its Complaint.

      **B.**    **Fifth Third is Entitled to Summary Judgment on Count One**.

"The interpretation of a written agreement is, in the first instance, a matter of law for the court." *Wells Fargo Bank, N.A. v. Daniels*, 1st Dist. Hamilton Nos. C-110209, C-110215, 2011-Ohio-6555, ¶9. "In construing a written agreement, a court's primary objective is to ascertain and give effect to the intent of the parties, which can be found in the language they choose to employ." *Columbus Countrywide Development Corp. v. Junior Village of Dublin, Inc.*, 10th Dist. Franklin No. 03AP-73, 2003-Ohio-5447, ¶19, citing *Foster Wheeler Envirespose, Inc. v. Franklin Cty. Convention Facilities Auth.* (1997), 78 Ohio St.3d 353, 361, 678 N.E.2d 519. If it is clear and unambiguous, the court need not go beyond the plain language of the contract to determine the rights and obligations of the parties. *Id.*

5

"Ohio law recognizes that demand notes are due and payable on delivery: 'Where a negotiable instrument is payable on demand, the instrument is construed to be due upon delivery, and actual demand is not necessary before action may be commenced upon it.'" *Croghan Colonial Bank v. Lepley Farm Lines, Inc.*, 6th Dist. Huron No. H-10-013, 2011-Ohio-3493, ¶27, quoting *Marion Ins. Agency Inc. v. Fahey Banking Co.* (1988), 61 Ohio App.3d 9, 572 N.E.2d 124, at syllabus.

The Agreement was a demand line of credit, payable on demand. Fifth Third is entitled to summary judgment because it made demand for repayment and acceleration of the Obligations owed under the Agreement (as defined in the Agreement), and Borrower failed to pay on demand. This is evidenced by the plain language of the Agreement. Pursuant to the terms of the Agreement, Fifth Third possesses the right to demand immediate payment. Specifically, the Agreement's language provides that a final payment of all principal and accrued and unpaid interest and fees is due and payable on demand, or upon acceleration of any Obligations. *See* King Aff. ¶6 and Ex. A attached thereto. Fifth Third exercised its right to accelerate the amounts due and owing on demand, and Borrower failed to make payment on demand. *Id.* at ¶¶6-7.

There is no ambiguity to the Agreement, and this Court need not look beyond the Agreement's plain language to determine Fifth Third's rights and Borrower's obligations. Borrower failed to pay amounts due and owing upon demand, and thus, Borrower is liable to Fifth Third for the amounts owing on the Agreement. Borrower cannot identify any reasons denying Fifth Third's exercise of one of its unequivocal rights stipulated by written agreement. The last sentence of the Agreement paragraph 3.b mandates when a final payment is due by Borrower by demand, maturity, or upon acceleration. When Fifth Third demanded payment, pursuant to the

terms of the Agreement, Borrower's full and final payment was due. There is nothing left for this Court to consider when determining Borrower's liability under the Agreement.

Furthermore, Borrower even admitted that it executed the Agreement, which means Borrower intended to be bound by the terms of the Agreement. *See* Answer, ¶1 (admitting the Borrower executed the Agreement and admit the fact of default).

Accordingly, because there is no genuine issue of fact regarding the execution of, demand on, and liability under the Agreement, Fifth Third is entitled to summary judgment on Count One against Borrower on the Agreement for the principal sum of $93,000.00, plus late fees of $85.56 and other bank fees of $75.00, plus interest that continues to accrue thereafter at the rate of the Prime Rate + 2.36% per annum, plus accruing fees and the costs advanced and the costs of this action, including costs of $363.27 incurred by Fifth Third through November 12, 2024. *See* Hendricks Aff. ¶5 (attesting to costs).

  **C.**  **Fifth Third is Entitled to Summary Judgment on Count Two.**

A guaranty is a promise by one person to pay the debts of another, and courts construe guaranties in the same manner as contracts. *Starlion Electronics Distribution, L.L.C. v. Zoran Medical, L.L.C.*, 8th Dist. Cuyahoga, No. 112133, 2023-Ohio-2876, ¶¶15, 16, citing *Kauffman Family Trust v. Keehan*, 8th Dist. Cuyahoga No. 99423, 2013-Ohio-2707, ¶8. "If [the guaranty] is clear and unambiguous, the court need not go beyond the plain language of the agreement to determine the parties' rights and obligations. Instead, it must simply give effect to the contractual language." *Daniels,* 2011-Ohio-6555, at ¶9, citing *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920; *Blair v. McDonagh*, 177 Ohio App.3d 262, 2008–Ohio–3698, 894 N.E.2d 377, ¶ 48.

> A guarantor . . . is bound only by the precise words of his contract. Other words cannot be added by construction or implication, but the meaning of the words

7

>actually used is to be ascertained in the same manner as the meaning of similar words used in other contracts. . . The rule that a guarantor is held only by the express words of his promise does not entitle him to demand an unfair and strained interpretation of those words, in order that he may be released from the obligation which he has assumed.

*Id*. at ¶10, quoting *LaSalle Bank Natl. Assn. v. Belle Meadows Suites, LP*, 2nd Dist. Montgomery No. 23766, 2010–Ohio–3773, ¶ 22.

In this case, the plain language of the Guaranty is unambiguous and there is nothing left for this Court to determine. Thus, summary judgment is proper. Guarantor should be bound by the contractual language of the Guaranty, which provide that Guarantor would be liable for all of Borrower's Obligations on the Agreement. The Guaranty specifically provides that Guarantor "agrees that its Obligations under this Guaranty are irrevocable, continuing, absolute, and shall not be discharged or impaired by . . . any default of the Obligations." *See* King Aff. at Exhibit C, paragraph 1. The King Aff. establishes Guarantor's default on the Guaranty because of Guarantor's failure to pay amounts due and owing on the Agreement after demand. King Aff. ¶10. Additionally, Guarantor admitted that she executed the Guaranty, resulting in her liability under its terms. *See* Answer ¶1 (admitting that the Guaranty was executed).

Guarantor cannot point to any specific evidence that would raise a genuine issue of fact regarding her liability on the Guaranty because the King Aff. and admissions conclusively establish Guarantor's liability.

Therefore, Fifth Third is entitled to summary judgment on Count Two against Guarantor on the Guaranty for the principal sum of $93,000.00, plus late fees of $85.56 and other bank fees of $75.00, plus interest that continues to accrue thereafter at the rate of the Prime Rate + 2.36% per annum, plus accruing fees and the costs advanced and the costs of this action, including costs

8

of $363.27 incurred by Fifth Third through November 12, 2024. *See* Hendricks Aff. ¶5 (attesting to costs).

### III. CONCLUSION

For the foregoing reasons, and support from the King Aff. and other evidence of record, Fifth Third has satisfied its burden to establish the nonexistence of a genuine issue of material fact and it is entitled to judgment as a matter of law on Counts One and Two. Therefore, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Fifth Third, National Association respectfully requests this Court grant judgment as follows:

A. On Count One, summary judgment in its favor and against Defendant Low Voltage Service, Inc. on the Agreement the principal sum of $93,000.00, plus late fees of $85.56 and other bank fees of $75.00, plus interest that continues to accrue thereafter at the rate of the Prime Rate + 2.36% per annum, plus accruing fees and the costs advanced and the costs of this action, including costs of $363.27 incurred by Fifth Third through November 12, 2024;

B. On Count Two, summary judgment in its favor and against Defendant Eva Schallhorn on the Guaranty the principal sum of $93,000.00, plus late fees of $85.56 and other bank fees of $75.00, plus interest that continues to accrue thereafter at the rate of the Prime Rate + 2.36% per annum, plus accruing fees and the costs advanced and the costs of this action, including costs of $363.27 incurred by Fifth Third through November 12, 2024;

C. For all other legal and equitable relief to which Plaintiff Fifth Third Bank, National Association is entitled and this Court deems just and proper.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted, |
|  | */s/ Jeffrey M. Hendricks* |
| BRICKER GRAYDON LLP | Jeffrey M. Hendricks (0066889) |
| 312 Walnut Street | *Attorneys for Plaintiff* |
| Suite 1800 | BRICKER GRAYDON LLP |
| Cincinnati, OH  45202 | 312 Walnut Street, Suite 1800 |
| Phone: (513) 621-6464 | Cincinnati, Ohio 45202 |
| Fax:     (513) 651-3836 | Phone: (513) 621-6464 |
|  | Fax:     (513) 651-3836 |
|  | Email: jhendricks@brickergraydon.com |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that pursuant to Civ.R. 5(B)(2)(f), a true copy of the foregoing was served via electronic means this 30th day of January, 2025 upon the following:

Jeffrey M. Nye, *Esq.*
*Attorney for Defendants*
Stagnaro, Saba & Patterson, Co., L.P.A.
2623 Erie Avenue
Cincinnati, OH 45208
Email: jmn@sspfirm.com

*/s/ Jeffrey M. Hendricks*
Jeffrey M. Hendricks (0066889)

19698104v1