IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, N.A., :<br>  :<br>*Plaintiff*, :<br>  :<br>v. :<br>  :<br>LOW VOLTAGE SERVICE, INC., *et al.*, :<br>  :<br>*Defendants*. : | Case No. 1:24-cv-00236<br><br>Judge Jeffery P. Hopkins |

**OPINION & ORDER ON PLAINTIFF FIFTH THIRD BANK, N.A.'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT (Doc. 11).**

This matter is before the Court on Plaintiff Fifth Third Bank, N.A.'s ("Plaintiff" or "Fifth Third Bank") Unopposed Motion for Summary Judgment (the "Motion"). Doc. 11. Plaintiff requests monetary relief to which it is entitled under a loan agreement with Low Voltage Service, Inc. ("Borrower") and a guaranty with Eva Schallhorn ("Guarantor"), who unconditionally guaranteed payment for all of Borrower's monetary obligations. Doc. 2.

For the reasons set forth herein, the Court **GRANTS** Fifth Third Bank's Unopposed Motion for Summary Judgment. Doc. 11.

I.  BACKGROUND

On March 21, 2020, Borrower executed a loan agreement (the "Loan Agreement") with Fifth Third Bank in the principal amount of $95,000.00. Compl., Doc. 2, ¶ 6. Under the terms of the Loan Agreement, interest on the borrowed funds would accrue at the prime rate plus 2.36% per annum. *Id.* The Loan Agreement also provided Plaintiff with the right to accelerate the balance due by increasing the interest rate to five percent above the slated rate of interest per annum (the "Default Rate"). *Id.* ¶ 7.

In October 2023, Plaintiff invoked this right and accelerated the entire balance due under the Loan Agreement. *Id.* ¶ 8; *id.* at PageID 37. But Borrower failed to pay the balance due under the Loan Agreement upon acceleration. Compl., ¶ 9. Consequently, Plaintiff contends that Borrower owes it: (1) the revised principal sum of $93,000.00; (2) accrued but unpaid interest in the amount of $6,662.91; (3) late fees in the amount of $85.56; (4) bank fees in the amount of $75.00; (5) interest that continues to accrue at the Default Rate; and (6) accruing fees and the costs of the instant action, including attorneys' fees incurred by Plaintiff. Doc. 11-3, ¶ 5.

Moreover, on March 21, 2020, Guarantor executed a Guaranty of Loan Agreement (the "Guaranty"), in which Guarantor unconditionally guaranteed payment for all of Borrower's obligations to Plaintiff. Doc. 2, ¶ 12. Pursuant to the terms of the Guaranty, Plaintiff alleges that Guarantor is in default and owes Plaintiff all expenses in relation to the Loan Agreement with Borrower. *Id.* ¶¶ 13–15.

To collect the amounts due and owing under the Loan Agreement and Guaranty, Fifth Third Bank filed its Complaint on March 27, 2024 in the Hamilton County Court of Common Pleas. Doc. 11, PageID 62. On April 29, 2024, Borrower and Guarantor (collectively, "Defendants") filed a Notice of Removal to this Court. *Id.*; *see also* Doc. 1, ¶ 5. In their Notice of Removal, Defendants acknowledged service was accomplished. *Id.* Fifth Third Bank moved for summary judgment on January 30, 2025. Doc. 11. Defendants did not respond to the Motion. On June 9, 2025, this Court issued an order requiring Defendants to show cause why Plaintiff's Motion should not be construed as unopposed and granted for the reasons stated therein. Doc. 12. Defendants responded two weeks later with the admission that "they

2

had no grounds on which to oppose the [M]otion." Doc. 13, PageID 128. Thus, Plaintiff's Motion is ripe for adjudication.

## II. STANDARD OF REVIEW

Fifth Third Bank seeks summary judgment on Count One (breach of the Loan Agreement) and Count Two (breach of the Guaranty). "The 'part[ies] seeking summary judgment always bear[] the initial responsibility of informing the district court of the basis for [their] motion and identifying those portions' of the record which demonstrate 'the absence of a genuine issue of material fact.'" *Rudolph v. Allstate Ins. Co.*, No. 2:18-cv-1743, 2020 WL 4530600, at *3 (S.D. Ohio Aug. 6, 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The non-moving party, however, cannot defeat summary judgment merely by pointing to any factual dispute. Indeed, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Int'l Outdoor, Inc. v. City of Troy*, 974 F.3d 690, 697 (6th Cir. 2020) (bracket and emphases omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). In other words, the dispute must be "genuine" (*i.e.*, supported by evidence) and go to a "material fact" (*i.e.*, a fact that could matter to the outcome).

After having reviewed the record, the Court must determine whether there is some "sufficient disagreement" that necessitates submitting the matter to a jury. *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251–52). In making that determination, though, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

3

574, 587 (1986); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) ("In arriving at a resolution, the court must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party.").

### III. LAW AND ANALYSIS

The facts as set forth by Fifth Third Bank appear to be straightforward and undisputed. Defendants have not substantively responded to Fifth Third Bank's Motion and have not offered any facts to dispute those proffered by Plaintiff. Nonetheless, this Court must still "intelligently and carefully review the legitimacy of such an unresponded-to motion." *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1995). The Court has reviewed the record as provided by Plaintiff and concludes that the essential facts are not in dispute. "All that remains is whether [Plaintiff] is entitled to judgment as a matter of law." *Bank of Am., N.A. v. Quality Constr. Co. LLC*, No. 15-cv-11275, 2015 WL 7253016, at *1 (E.D. Mich. Nov. 17, 2015). The Court concludes that it is.

Under Ohio law,[1,2] when interpreting a written instrument, courts are to ascertain and give effect to the intent of the parties. *See Foster Wheeler Enviresponse, Inc. v. Franklin Cnty.*

---

[1] Pursuant to the terms of the Loan Agreement, Plaintiff and Borrow consented to have Ohio law as the governing law and further agreed that the state and federal courts in Ohio "shall have exclusive jurisdiction over all matters arising out of" the Loan Agreement. Doc. 2, PageID 35.

[2] Unlike the Loan Agreement, the Guaranty does not specify the choice of law for the resolution of disputes arising out of the Guaranty. It only references—but does not define—the "applicable law." *See* Doc. 2, PageID 39–42. "Before considering the substance of the claims, the Court must first determine the applicable law*.*" *Cabatech, LLC v. Nextlight, LLC*, No. 1:22-CV-59, 2024 WL 3740593, at *2 (S.D. Ohio Aug. 8, 2024). In a diversity action such as the instant case, a district court must apply the choice of law rules of the state in which it sits. *Nat'l Union Fire Ins. Co. v. Watts*, 963 F.2d 148, 150 (6th Cir. 1992). Here, the Court sits in Ohio. "Ohio choice of law rules mandate that the law of the state with the more significant relationship to the contract should govern disputes arising from it." *N. River Ins. Co. v. Emps. Reinsurance Corp.*, 197 F. Supp. 2d 972, 979 (S.D. Ohio 2002). In determining the "more significant relationship," Ohio has adopted the test set forth in the Restatement (Second) of Conflict of Laws § 188, which includes consideration of: (1) the place of contracting; (2) the place of negotiating the contract; (3) the place of performance; (4) the location of the contract subject matter; and (5) the domicile, residence, nationality, place of incorporation, and place of

*Convention Facilities Auth.*, 78 Ohio St. 3d 353, 361 (1997). "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 132 (1987). The employed language is to be given its "ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *Foster Wheeler Enviresponse, Inc.* at 361.

Turning to the Loan Agreement, the unambiguous terms state: "A final payment of all principal and accrued and unpaid interest and any fees, advances and charges, if any, [are] due and payable on demand, or five years after the Effective Date (the "Maturity Date"), or upon acceleration of any Obligation(s)." Doc. 2, PageID 30. The plain language of the Loan Agreement establishes a demand note that requires Borrower to repay the loan on demand and provides Plaintiff with the right to acceleration. *Id.* Moreover, "Ohio law recognizes that demand notes are due and payable on delivery." *Croghan Colonial Bank v. Lepley Farm Lines, Inc.*, 2011-Ohio-3493, ¶ 27 (6th Dist.). And "where a negotiable instrument is payable on demand, the instrument is construed to be due upon delivery, and actual demand is not necessary before action may be commenced on it. *Marion Ins. Agency, Inc. v. Fahey Banking Co.*, 61 Ohio App. 3d 9, 10 (3d. Dist.) Accordingly, there is no genuine issue of material fact

---

business of the parties. *N. River Ins. Co.*, 197 F. Supp. 2d at 979 (citing *National Union Fire Ins. Co. v. Watts*, 963 F.2d 148, 150 (6th Cir. 1992)).

Here, the factors weigh in favor of applying Ohio law. The Complaint does not identify how or where the parties negotiated or executed the Guaranty. Borrower is an Illinois corporation, Guarantor is an Illinois resident, and Plaintiff is an Ohio corporation. Compl., ¶¶ 1–3. Nonetheless, the Guaranty appears to be incorporated into the Loan Agreement itself, which is governed by Ohio law. *See* Doc. 2, PageID 39 ("As an inducement to [Plaintiff] … to enter into the Loan Agreement of even date with [Borrower] … the undersigned (the "Guarantor") has executed and delivered this Guaranty of Loan Agreement …."). Though multiple states may be appropriate, this consideration tips the balance in favor of applying Ohio law. *See Dodge Data & Analytics LLC v. iSqFt,* 183 F. Supp. 3d 855, 872 (S.D. Ohio 2016) ("If [] either state would be appropriate, the court should apply the law of the forum state.").

5

concerning whether the loans were demand obligations under the Loan Agreement or whether Plaintiff had a right to accelerate obligations on demand arising under the Loan Agreement. Therefore, Fifth Third Bank is entitled to summary judgment on Count One against Borrower.

The Guaranty is similarly unambiguous, and therefore summary judgment on Count Two is proper. "A guaranty is a promise by one person to pay the debts for another." *Starlion Electronics Distribution, L.L.C. v. Zoran Medical, L.L.C.*, 2023-Ohio-2876, ¶ 15 (8th Dist.) (cleaned up). "Courts construe guaranties in the same manner as contracts." *Id*. ¶ 16 (citing *Kauffman Family Trust v. Keehan*, 2013-Ohio-2707, ¶ 8 (8th Dist.)). If a guaranty "is clear and unambiguous, the court need not go beyond the plain language of the agreement to determine the parties' rights and obligations." *Wells Fargo Bank, N.A. v. Daniels*, 2011-Ohio-6555, ¶ 9 (1st Dist.) (citations omitted).

Here, the Guaranty states, in no uncertain terms: "In case the Borrower fails to pay any Obligations when due, the Guarantor agrees to make such payment punctually as and when the same shall become due …. Guarantor agrees that its Obligations under this Guaranty are irrevocable, continuing, absolute, and unconditional and shall not be discharged or impaired or otherwise affected by, and Guarantor hereby irrevocably waives any defense to enforcement it may have…." Doc. 11-1, PageID 82. There is no evidence in the record that would raise a genuine issue of material fact for this Court to entertain regarding Guarantor's liability under the Guaranty. Therefore, Fifth Third Bank is entitled to summary judgment on Count Two against Guarantor.

## IV. CONCLUSION

For the reasons stated, the Court **GRANTS** Plaintiff's Unopposed Motion for Summary Judgment. Doc. 11. Fifth Third Bank is **ORDERED** to submit a proposed judgment within **fourteen (14) days** of the date of this Opinion and Order.

**IT IS SO ORDERED.**

July 25, 2025

Jeffery P. Hopkins
United States District Judge